IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID QUINTERO,<br><br>    Plaintiff,<br><br>  v.<br><br>EXMARK MANUFACTURING COMPANY, INC., a corporation, and THE TORO COMPANY, a corporation,<br><br>    Defendants. | Case No. 10-5419 SC<br><br>ORDER DENYING MOTION TO TRANSFER VENUE |

**I.   INTRODUCTION**

Before the Court is a fully briefed Motion by Defendants Exmark Manufacturing Company, Inc. ("Exmark") and The Toro Company ("Toro") (collectively, "Defendants") to transfer venue to the Eastern District of California, Sacramento Division, under 28 U.S.C. § 1404(a). ECF Nos. 6 ("Mot."), 10 ("Opp'n"), 12 ("Reply"). For the following reasons, the Court DENIES Defendants' Motion.

**II.  BACKGROUND**

Plaintiff David Quintero ("Quintero") filed this personal injury action in the Superior Court of California, County of Alameda, on November 15, 2010. ECF No. 1 ("Notice of Removal") Ex. A ("Compl."). Plaintiff claims he was injured while operating a riding lawnmower allegedly designed, manufactured, and sold by

Defendants.[1]  Id.  On November 30, 2010, Defendants removed to federal court on the basis of diversity jurisdiction.  See Notice of Removal.  Defendants alleged in their Notice of Removal that at the time of filing, Plaintiff was a California resident and citizen, Exmark was a Nebraska corporation with its principal place of business in Nebraska, and Toro was a Delaware corporation with its principal place of business in Minnesota.  Id. ¶¶ 4-5.

Now Defendants seek to transfer the case to the Sacramento Division of the Eastern District of California.  Defendants allege that Plaintiff injured his foot while operating the lawnmower as a part-time landscaper for the N.A. Chaderjian Youth Correctional Facility ("the correctional facility") in Stockton, California. Mot. at 1.  Defendants argue that transfer to the Eastern District is appropriate because the injury occurred in Stockton, which lies within the Eastern District, and because pertinent witnesses to the incident and Plaintiff's subsequent medical treatment live in Stockton.  Id. at 2-3.

Plaintiff opposes the motion.  Plaintiff argues that his choice of forum is given substantial weight, and that convenience and justice do not favor transfer of the action.  Opp'n at 2.

## III. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to "prevent the

---

[1] The relationship between Exmark and Toro, and what roles they performed in the design, manufacture, and sale of the lawnmower, are not clear from Plaintiff's Complaint.

2

waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). "A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis." Foster v. Nationwide Mut. Ins. Co., No. 07-4928, 2007 WL 4410408, at *1 (N.D. Cal. Dec. 14, 2007) (citing Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000)).

To support a motion for transfer, the moving party must establish that venue is proper in the transferor district, the transferee district is one where the action might have been brought, and the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. Foster, 2007 WL 4410408 at *2. In determining this issue, courts look to the following factors: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with the applicable law; (5) feasibility of consolidation with other claims; (6) any local interest in the controversy; and (7) the relative court congestion and time to trial in each forum. See id.

**IV. DISCUSSION**

There is no dispute between the parties that venue is proper in both the Northern District and the Eastern District. Thus, resolution of this matter hinges on whether the above-mentioned factors favor transfer to serve the interests of convenience and justice.

///

A.   **Plaintiff's Choice of Forum**

Plaintiff states a strong preference for the Northern District.  Opp'n at 2.  Defendants argue that Plaintiff's choice of forum should be given little weight because "there is no connection between the Northern District and the underlying incident."  Reply at 3.  Defendants argue that because the incident occurred in Stockton, and because Plaintiff has recently rented a room in Sacramento and intends to look for work in Sacramento, there is insufficient nexus for the Court to give Plaintiff's choice of forum substantial weight.  Plaintiff alleges that his permanent residence is in Vallejo, where his mother lives.  Hill Decl. ¶ 2.[2]

The Court finds that Plaintiff's decision to move to Sacramento after filing this action does not affect the weight given to his forum preference.  Accordingly, this factor favors Plaintiff.

B.   **Convenience of the Parties and Witnesses**

Defendants argue that all the witnesses to the injury, as well as all the witnesses who treated Plaintiff immediately after the injury, reside in Stockton.  Reply at 4.  Defendants identify thirteen such witnesses, including the individuals who called for medical personnel, three nurses who assisted with initial treatment, and several correctional center workers who subsequently investigated the incident.  Id. at 4-5.  Plaintiff counters that it is extremely unlikely that all of these witnesses will testify at trial, that there are no eyewitnesses to the actual injury, and that most of the named witnesses "simply observed [Plaintiff's]

---

[2] John E. Hill ("Hill"), counsel for Plaintiff, filed a declaration in opposition to Defendants' Motion.  ECF No. 11.

4

injury after it had occurred." Hill Decl. ¶ 3. Plaintiff also alleges that Plaintiff's three treating physicians all reside in the Northern District, and that San Francisco is a more convenient forum for any out-of-state witnesses because there are more flights to and from San Francisco than Sacramento. Id. ¶ 6, Opp'n at 2.

The Court takes judicial notice of the fact that Stockton is roughly eighty miles from San Francisco and fifty miles from Sacramento. As such, any inconvenience to any Stockton witness is limited to an additional thirty miles' of travel each way. The Court agrees with Plaintiff that it is highly unlikely all or even most of the potential witnesses that Defendants list will testify at trial. For instance, it is highly unlikely that the three nurses who treated Plaintiff and his doctor would all testify at trial. Because the inconvenience to the Stockton witnesses is minimal and offset by the inconvenience to Plaintiff's Northern District witnesses if the Court transferred the action, the Court finds that this factor favors neither party.

### C. Ease of Access to the Evidence

Defendants allege that the riding lawnmower that allegedly injured Plaintiff is currently in the Eastern District, as are "all pertinent records and documents." Mot. at 7. The Court finds that this evidence could easily be transported to the Northern District, and so this factor favors neither party.

### D. Local Interest in the Controversy

Defendants argue that the Eastern District has an interest in adjudicating disputes arising from accidents occurring within its geographic boundaries, and the Northern District has no interest in presiding over this lawsuit. Id. at 8. The Court disagrees; the

Northern District has an interest in offering its residents a convenient forum for their legal disputes. As such, this factor favors neither party.

### E. Other Factors

Defendants admit that the other factors -- feasibility of consolidation, familiarity of each forum with applicable law, and relative court congestion and time to trial -- are inapplicable to this action or favor neither party. See id.

The Court finds that no factors favor transfer of this action to the Eastern District. Furthermore, this action was filed five months ago, and the parties have yet to appear in Court for a status conference. Transfer would undoubtedly further delay proceedings. Because transfer to the Eastern District would neither serve the interests of justice nor the convenience of the parties, the Court DENIES Defendants' Motion.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants Exmark Manufacturing Company, Inc. and The Toro Company's Motion to Transfer Venue.

IT IS SO ORDERED.

Dated: March 10, 2010

_____
UNITED STATES DISTRICT JUDGE